BENJAMIN B. WAGNER
United States Attorney
SAMUEL WONG
JASON S. HITT
TODD PICKLES
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2772

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NOS. 2:11-CR-275-JAM; 2:11-CR-276 JAM |
| Plaintiff, | STIPULATION AND ORDER CONTINUING TRIAL DATE, SETTING TRIAL CONFIRMATION HEARING DATE, AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT |
| v. | |
| YAN EBYAM, | Court: Hon. John A. Mendez |
| Defendant. | |

Whereas, defendant Yan Ebyam has retained new defense attorney Michael Long to replace Assistant Federal Defender Matthew Scoble because: (1) AFD Scoble has been involved in preparing for, and participating in, the trial of United States v. Andrew Katakis, et al., No. 2:11-CR-511 WBS on behalf of defendant W. Theodore Longley in that case for much of January 2014 and most of February 2014; (2) the Katakis trial, which started on or about February 4, 2014, is estimated to last past the current start date of March 3, 2014, for Ebyam's trial in Case No. 2:11-CR-275 JAM; (3) AFD Scoble has been unable to meet with Ebyam to prepare for Ebyam's trial in Case No. 2:11-CR-275 JAM; (4) AFD Scoble has been unable due to his trial work in the Katakis to meet with and advise Ebyam sufficiently to Ebyam's satisfaction regarding the ramifications of accepting and/or rejecting the plea offer made to him by the United States; and (5) Ebyam has adequate cause to be concerned that AFD Scoble will be either unprepared for and/or unable to participate in Ebyam's trial due to AFD Scoble's

work commitments in the <u>Katakis</u> case, and

Whereas, Mr. Long desires to represent Ebyam, but needs additional time to review the approximate 2,000+ pages of discovery, conduct legal research, conduct any necessary factual investigation, meet and confer with Ebyam, and otherwise prepare Ebyam's defense in a joint trial for two separate criminal cases, Case Nos. 2:11-CR-275 JAM and 2:11-CR-276 JAM charged against Ebyam.

It is hereby stipulated by and between the United States and Ebyam, through their respective counsel, that:

1. The Court continue the presently set March 3, 2014, trial date in Case No. 2:11-CR-275 JAM to July 28, 2014, and use that latter trial date to conduct the single joint trial of Case Nos. 2:11-CR-275 JAM and 2:11-CR-276 JAM.

2. The Court set a new trial confirmation hearing date on June 10, 2014, at 9:45 a.m.

3. The Court find that these two cases remain so unusual and complex due to the nature of the prosecution, to wit:  approximately 2,000+ pages of discovery, eleven indicted co-conspirators, and at least seven search warrants executed, within the meaning of 18 U.S.C. § 3161(h)((7)(A) and (B)(ii) of the Speedy Trial Act.

4. The failure to grant the requested continuance in this case would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence;

5. The ends of justice served by the granting of such a continuance outweigh the best interests of the public and the defendant in a speedy trial.

6. Time from the date of the parties' stipulation, February 21, 2014, through, and including, the trial date of July 28, 2014, shall be excluded from computation of time within which the trial of these matters must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(ii) and (iv) and Local Codes T2 and T4.

Dated: February 21, 2014          MICHAEL LONG

/s/ Michael Long

By:    _____
          MICHAEL LONG
          Attorney for defendant
          Yan Ebyam (per authorization)

STIPULATION AND ORDER
CONTINUING TRIAL DATE, ETC.

1    Dated:  February 21, 2014                    BENJAMIN B. WAGNER
                                                  United States Attorney
2

3                                                 /s/ Samuel Wong
                                                  /s/ Jason S. Hitt
4                                                 /s/ Todd Pickles
                                          By:  _____
5                                                 SAMUEL WONG
                                                  JASON S. HITT
6                                                 TODD PICKLES
                                                  Assistant United States Attorneys
7

8

9

10                                      **ORDER**

11          The Court, having received, read, and considered the stipulation of the parties, and good cause

12   appearing therefrom, adopts the stipulation of the parties in its entirety as its order.  Based on the

13   representation of the parties and good cause appearing therefrom, the Court hereby finds that the failure

14   to grant a continuance in this case would deny defense counsel reasonable time necessary for effective

15   preparation, taking into account the exercise of due diligence.  The Court finds that the ends of justice to

16   be served by granting a continuance outweigh the best interests of the public and the defendant in a

17   speedy trial.  It is ordered that time beginning from the parties' stipulation on February 21, 2014, up to

18   and including the July 28, 2014, trial date for both cases shall be excluded from computation of time

19   within which the trial of this matter must be commenced under the Speedy Trial Act pursuant to 18

20   U.S.C. § 3161(h) (7) (A) and (B) (ii) and (iv) and Local Codes T2 and T4, due to unusual and complex

21   case, and to allow defense counsel reasonable time to prepare.

22

23          Dated: 2/24/2014                      /s/ John A. Mendez_____
                                                  JOHN A. MENDEZ
24                                                United States District Court Judge

25

26

27

28

STIPULATION AND ORDER                          3
CONTINUING TRIAL DATE, ETC.